UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WAYNE BERRYMAN,

        Petitioner,

                  CASE NO. 07-CV-14782
v.                  HONORABLE GEORGE CARAM STEEH

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S EMERGENCY MOTION
## FOR RESTRAINING ORDER

This matter is before the Court on Petitioner's "Emergency Motion for Restraining Order." Petitioner has filed a (second) petition for writ of habeas corpus and a memorandum in support of his petition challenging his 1977 felony murder conviction with the authorization of the United States Court of Appeals for the Sixth Circuit. This Court is currently awaiting Respondent's answer to the habeas petition. In his motion, Petitioner claims that prison officials have confiscated some of his legal materials in retaliation for past grievances. Petitioner asserts that this has impeded his access to the courts. Petitioner seeks a temporary restraining order so that he may gain access to his legal materials and a typewriter.

A federal court has discretion to issue a temporary restraining order and/or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A person seeking such an order bears the burden of establishing "immediate and irreparable injury, loss, or damage will result" in order for the court to grant the order. Fed. R. Civ. P. 65(b)(1). In determining whether to grant or deny such relief, a federal court should balance the following factors:

    (1) Whether the party seeking the injunction has shown a substantial likelihood of
        success on the merits;

1

(2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

(3) Whether an injunction will cause others to suffer substantial harm; and

(4) Whether the public interest would be served by the preliminary injunction.

*Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

Petitioner has not shown a substantial likelihood of success on the merits, nor has he shown that he will suffer irreparable harm. Petitioner has already filed his habeas petition and memorandum in support of his claims. He has not described the confiscated materials with any specificity nor shown that those materials are necessary for his current habeas action. If Petitioner believes that any materials have been improperly taken or destroyed by prison officials, he may pursue administrative remedies within the Michigan Department of Corrections and/or seek relief in the state courts to recover his missing property. Petitioner also seeks access to the law library and a typewriter. Again, he has not shown that such access is necessary for this habeas action or that he has been unable to pursue relief through available administrative and/or state remedies. The Court further notes that while a typewriter may assist Petitioner in filing legal pleadings, there is no requirement that prisoner pleadings be typed. Petitioner has also not shown that the public interest would be served by granting him the requested relief.

Accordingly, the Court **DENIES** Petitioner's motion.

**SO ORDERED**.

Dated: January 24, 2008

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 24, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk