UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

         Petitioner,

v.                                                         Case Number: 07-CV-14782
                                                          Honorable George Caram Steeh

DEBRA SCUTT,

         Respondent.
_____/

**ORDER
(1) HOLDING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT IN ABEYANCE,
(2) COMPELLING RESPONDENT TO ANSWER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, THEREBY ADDRESSING THE MERITS OF THE PETITION,
AND
(3) DENYING PETITIONER'S MOTION TO TAKE JUDICIAL NOTICE OF COURT'S REFUSAL TO APPOINT COUNSEL AND REFUSAL TO RULE ON MOTION FOR ENLARGEMENT OF TIME TO RESPOND PROPERLY TO RESPONDENT'S RESPONSE [DKT. # 40] AS MOOT**

      This matter is before the Court on Respondent's motion for summary judgment. (Dkt. # 33.) In her motion, Respondent argues that Petitioner's petition for writ of habeas corpus was not filed within the applicable statute of limitations under 28 U.S.C. § 2244. Petitioner has responded to the motion, contending that the Court should invoke the doctrine of equitable tolling in his case, as the United States Court of Appeals for the Sixth Circuit has permitted him to file a successive petition because he has had difficulty in obtaining the necessary trial records. In his response, Petitioner also argues actual innocence. The Court, having reviewed the pleadings and the issues raised by Petitioner in his habeas petition, finds that an answer addressing the merits of the petition is necessary for the proper adjudication of this matter.

      A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case filed a motion for summary judgment without addressing the merits of Petitioner's claims.

      This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. In light of the time that has passed in this case, the Court will order that a

supplemental answer be filed within sixty (60) days of the Court's order, which addresses the substance of Petitioner's claims, including whether Petitioner previously presented the four arguments made in his habeas petition to the state courts, whether Petitioner has access to the necessary court records, and whether Petitioner has presented sufficient evidence of his actual innocence.

Accordingly, the Court HOLDS Respondent's motion for summary judgment in abeyance and ORDERS Respondent to submit a brief addressing the merits of Petitioner's habeas claims within sixty (60) days of the date of this order. Petitioner shall then have forty-five days in which to file a reply to Respondent's supplemental pleading.

IT IS FURTHER ORDERED that Petitioner's "Motion to Take Judicial Notice of Court's Refusal to Appoint Counsel and Refusal to Rule on Motion for Enlargement of Time to Respond Properly to Respondent's Response" [dkt. # 40] is DENIED as moot. The Court previously ruled on those issues. (Dkt. ## 24, 36, and 38.)

IT IS SO ORDERED.

Dated:  January 7, 2009

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 7, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk