UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

                  Petitioner,

v.                                          Case Number: 07-CV-14782
                                          Honorable George Caram Steeh

DEBRA SCUTT,

                  Respondent.

_____/

**OPINION AND ORDER
(1) DENYING MOTION FOR RECONSIDERATION,
(2) DENYING REQUEST FOR A CERTIFICATE OF APPEALABILITY AND
APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**

This matter is before the Court on Berryman's "Motion for Reconsideration" [dkt. # 48],

regarding this Court's "Opinion and Order Granting Respondent's Motion for Summary Judgment

and Thereby Dismissing Petitioner's Petition for Writ of Habeas Corpus," dated April 7, 2009. (Dkt.

# 45.)  A motion for reconsideration which presents issues already ruled upon by the court, either

expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547,

550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich.

1997).   The Local Rules for the Eastern District of Michigan state that in a motion for

reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and

parties have been misled but also show that correcting the defect will result in a different disposition

of the case." L.R. 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable,

manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D.

Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)).  Further, the Local Rules

also provide that any "motions for rehearing or reconsideration that merely present the same issues

ruled upon by the court, either expressly or by reasonable implication," shall not be granted.  L.R. 7.1(g)(3).

In its Opinion and Order, the Court, after careful review of Berryman's claims, "the Court concludes that the petition was filed after the applicable statute of limitations had expired, and that the late petition cannot be saved by the doctrine of equitable tolling." *Berryman v. Scutt*, No. 07-CV-14782, slip op. at 2, (E.D. Mich. Apr. 7, 2009.)  In his motion for reconsideration, Petitioner attempts to argue that the Court ruled on Respondent's "Motion for Summary Judgment" without giving him an opportunity to reply.  However, Petitioner is mistaken; Petitioner filed his response to Respondent's motion on December 17, 2008.  (Dkt. # 39.)  Moreover, the Court finds that Petitioner is quite adept at filing motions or responses with the Court.  To date, Petitioner has filed approximately fourteen various motions with the Court since the filing of his petition.  Therefore, for reasons more fully explained in its Opinion and Order, the Court adheres to its position; the Court finds that Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).   Against that backdrop, the Court denies Petitioner's motion for reconsideration.

Berryman has also filed a "Notice of Appeal" [dkt. # 49] and an "Application to Proceed *In Forma Pauperis* On Appeal" [dkt. # 50].  The Court denies both as moot, as it addressed those issues in its Opinion and Order.  *See Berryman*, No. 07-CV-14782, slip op. at 20-21.

2

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Reconsideration" [dkt. # 48] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Notice of Appeal" [dkt. # 49] and "Application to Proceed *In Forma Pauperis* On Appeal" [dkt. #50] are **DENIED** as moot.

Dated:  May 14, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

3